UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNEEK LOWE, | : | Case No. 1:05-cv-117 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| vs. | : | Black, M.J. |
| | : | |
| HAMILTON COUNTY JOB & | : | |
| FAMILY SERVICES, *et al.*, | : | |
| | : | |
| Defendants. | : | **ORDER** |

This employment discrimination case is before the Court on Plaintiff's motion for leave to file a second amended complaint (Doc. 59), Plaintiff's motion for leave to file a third amended complaint (Doc. 70), and Plaintiff's motion to reopen discovery under Fed. R. Civ. P. 56(f) (Doc. 60; *see* Doc. 57).

**I.   Background and Procedural History**

Plaintiff Uneek Lowe initiated this action by filing a *pro se* complaint in February 2005 against her former employer, Hamilton County Job and Family Services, and several former coworkers and/or supervisors.  (*See* Doc. 2.)  In her *pro se* complaint, she alleged, *inter alia*, that she was denied a reasonable accommodation for disability and that she was treated differently from a "white younger" female employee.  (*See* Doc. 2 at p. 4.)  Plaintiff attached to the *pro se* complaint a copy of her Charge of Discrimination to the Ohio Civil Rights Commission alleging discrimination and retaliation based on race and disability.  (*See* Doc. 2 at p. 7.)

On August 25, 2006, Plaintiff filed an amended complaint, prepared by counsel, setting out specific claims for discriminatory treatment and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, Ohio Rev. Code Ann. Ch. 4112, and Ohio public policy, and a claim for the intentional infliction of emotional distress. (*See* Doc. 26.) The complaint prepared by her attorney stated that Plaintiff suffered discrimination and retaliation based on disability and age but did not include discrimination claims based on race. (*See id.* at pp. 10-15.)

Defendants filed an Answer to the Amended Complaint and the parties thereafter proceeded with discovery. On December 5, 2006, Defendants filed a motion to dismiss or for summary judgment, which is now pending.

In October 2006, Plaintiff brought to the Court's attention that she was experiencing difficulties with her attorney, including his alleged failure to appear with her for her deposition and his alleged failure to conduct any discovery on her behalf. Following a telephone conference on October 4, 2006, in which Plaintiff and her attorney participated, the Court issued an order directing the attorney to file a motion to withdraw. (Doc. 44.)

In January 2007, Plaintiff filed a *pro se* motion for an extension of time in which to respond to Defendants' motion to dismiss or for summary judgment. (Doc. 50.) As grounds for the motion she stated that her attorney had neither filed a motion for leave to withdraw as directed by the Court nor taken any steps to prepare a response to

Defendants' motion. (*See id.*) The alleged difficulties between Plaintiff and her attorney continued until March 2007 when substitute counsel entered his appearance on her behalf. (*See* Doc. 53.)

Substitute counsel prepared and filed the motions for leave to file amended complaints and to reopen discovery that are now before the Court.

**II.     Discussion**

A.     Motions for Leave to Amend

Leave to amend a complaint must be freely granted when justice requires. Fed. R. Civ. P. 15(a). It is well established that Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted).

Plaintiff seeks leave to amend her complaint to add claims of race discrimination arising under Title VII, 42 U.S.C. § 1983, and 42 U.S.C. § 1981.

Defendants contend that the requests for leave to amend to add claims of race discrimination are brought in bad faith for purposes of delay, that there has been no prior mention of race in any of the pleadings, depositions, or discovery, and that such claims

are barred by the statute of limitations. They state that permitting the amendment would result in undue prejudice, expense, and delay.

Defendants argue further that the liberal policy of allowing amendment under Rule 15(a) no longer applies once the litigation has reached the summary judgment stage. *See Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 785 (6th Cir. 2005). The Sixth Circuit in *Tucker* affirmed a district court's denial of leave to amend a complaint two years into the litigation because the plaintiff had never put the defendants on notice of her new theory of recovery.

Defendants' arguments are not well taken.

A review of the record reveals that Plaintiff alleged discrimination based on race in her original *pro se* complaint and in her Charge of Discrimination to the Ohio Civil Rights Commission (*see* Doc. 2), thereby providing Defendants with prior notice of her claim. Because Plaintiff filed her *pro se* complaint within 90 days of receipt of her Notice of Right to Sue (an assertion which Defendants does not dispute), claims of race discrimination in violation of Title VII claims are properly exhausted and are not barred by the statute of limitations. Claims of discrimination in violation of 42 U.S.C. §§ 1981 and 1983 are not subject to the exhaustion requirement. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 459-60; *Carrero v. Arapahoe County Sheriffs Office*, 2006 WL 2594472, at * 20 (D. Colo. Sept. 11, 2006).

Additionally, the allegations of disparate treatment, *i.e.*, that a younger, white female was treated differently, are sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Moreover, in light of the alleged

difficulties experienced by Plaintiff in communicating with her former attorney, Plaintiff should not be deemed to have abandoned her race discrimination claims by his failure to include them in the First Amended Complaint.

Justice requires allowing Plaintiff to amend her complaint. *See* Fed. R. Civ. P. 15(a). The undersigned is not persuaded that the motions for leave amend are brought in bad faith or for dilatory purpose, that an amendment would result in undue delay, or that the proposed amendments would be futile. Defendants have not made a "significant showing of prejudice" to warrant a denial of the motions for leave to amend. *See Duggins*, 195 F.3d at 834.

Finally, leave to amend should not be denied on the ground that the litigation has reached the summary judgment stage. Unlike the defendants in *Tucker*, who had no prior notice of the plaintiff's proposed additional theory of recovery, Defendants in the present action had benefit of plaintiff's initial *pro se* complaint as well as her EEOC charge alleging discrimination based on race.

Accordingly, the motions for leave to amend (Docs. 59, 70) are **GRANTED**. Plaintiff's counsel is **DIRECTED** to electronically **FILE** the amended complaint as a separate document within **SEVEN (7) DAYS** of the entry date of this Order.

  B. Motion to reopen discovery

Plaintiff also requests that the pending motion for summary judgment be continued and that discovery be reopened.

Rule 56(f) provides in pertinent part as follows:

> [S]hould it appear from affidavits of a party opposing the [summary judgment] motion that the party cannot present . . . by affidavit facts essential to justify the party's opposition, the court . . . may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may order such other order as is just.

Fed. R. Civ. P. 56(f).

Whether to grant a continuance and reopen discovery for the purpose of summary judgment is a matter within the trial court's discretion. *See York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360, 363 (6th Cir. 1982). The party seeking the continuance must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

In the affidavit in support of her motion, Plaintiff refers, *inter alia*, to her first attorney's refusals to communicate with her and his failure to depose any potential witnesses, including any of her supervisors or decision makers. (*See* Doc. 57, att. 1, ¶¶ 41-51.) She states that, if her motion for a continuance and to reopen discovery were granted, she would seek discovery relating to Defendants' claim of Eleventh Amendment immunity and supporting her assertions that the reasons given for the alleged discriminatory treatment were pretextual. (*See* Doc. 57.)

Plaintiff has made an adequate showing of specificity as required by Rule 56(f).

Accordingly, the motion to reopen discovery (Doc. 60) is **GRANTED**, and the new deadline for completion of discovery shall be and is November 30, 2007.

**IT IS SO ORDERED**.

Date:  5/22/07             s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge