UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNEEK LOWE, | Case No. 1:05-cv-117 |
| Plaintiff, | Dlott, J. |
| vs. | Black, M.J. |
| HAMILTON COUNTY DEPARTMENT OF JOB & FAMILY SERVICES, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S REQUEST TO ADD HAMILTON COUNTY AND ITS BOARD OF COMMISSIONERS BE GRANTED; AND (2) DEFENDANT HAMILTON COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES' MOTION TO DISMISS (Doc. 77) BE GRANTED**

This employment discrimination case is before the Court on a motion by Defendant, the Hamilton County Department of Jobs and Family Services, to dismiss Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b) and (c). (Doc. 77.)

## I. Background and Procedural History

Plaintiff Uneek Lowe initiated this action by filing a *pro se* complaint against her former employer, Hamilton County Department of Job and Family Services (HCJFS), several former coworkers and/or supervisors, and Hamilton County, through its Commissioners. (*See* Doc. 2 at pp. 1, 4.) In her *pro se* complaint, she alleged, *inter alia*, that she was denied a reasonable accommodation for disability and that she was treated

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

differently from a "white younger" female employee. (*See* Doc. 2 at p. 4.) Plaintiff attached to the *pro se* complaint a copy of her Charge of Discrimination to the Ohio Civil Rights Commission alleging discrimination and retaliation based on race and disability. (*See* Doc. 2 at p. 7.)

On August 25, 2006, Plaintiff filed an amended complaint, prepared by counsel, setting out specific claims for discriminatory treatment and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*; Ohio Rev. Code Ann. Ch. 4112; and Ohio public policy. (*See* Doc. 26.) She also added a claim for the intentional infliction of emotional distress. (*See id.*) The amended complaint alleged that Plaintiff suffered discrimination and retaliation based on disability and age but did not include discrimination claims based on race. (*See id.* at pp. 10-15.) The complaint also failed to name Hamilton County or its Commissioners as defendants.

On March 30, 2007, Plaintiff filed a motion by new counsel for leave to file a second amended complaint. (Doc. 59.) While the motion was pending, Plaintiff requested leave to file a third amended complaint to further clarify her claims and, in particular, to reintroduce her claims of discrimination based on race, which were omitted from the first amended complaint. (*See* Doc. 70.) The motion was granted and Plaintiff's Third Amended Complaint was filed on May 30, 2007. (*See* Docs. 74, 75.) This complaint also neglected to name Hamilton County or its Commissioners as defendants.

On June 15, 2007, HCJFS filed the motion to dismiss and for judgment on the pleadings which is now before the Court. (Doc. 77.) In support of the motion, HCJFS argues that it is simply an agency of the Hamilton County, Ohio government and has no independent legal existence. HCJFS contends that claims against it should be dismissed on the ground that it lacks the legal capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b).

HCJFS also argues that Plaintiff's claims under Title VII, the ADA, the FMLA, 42 U.S.C. § 1983, and state law are barred by the applicable two-year statute of limitations and do relate back to the date of the original complaint.

In response, Plaintiff argues that HCJFS has legal capacity to be sued because it is an "employer" as defined in Title VII, the ADA, Ohio Rev. Code Ann. ch. 4112, and the FMLA. (*See* Doc. 78.) Plaintiff also contends that the real party in interest is Hamilton County and that claims against it relate back because Hamilton County was named a defendant in the original complaint. Plaintiff requests leave to amend her complaint to re-introduce the County as a defendant.

## II. Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (Rule 12(c)). That is, the Court must construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law. *Id.* (citing *United States v.*

*Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). The Court need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true. *Id.* (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

### III. Discussion

Defendant's motion to dismiss and for judgment on the pleadings should be granted.

HCJFS maintains that the Court lacks jurisdiction over it because it is not *sui juris* and therefore lacks the capacity to be sued. Whether or not an entity such as a county agency has the capacity to be sued is governed by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Ohio law, neither Hamilton County Job and Family Services nor Hamilton County is *sui juris*. *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003) (Rice, J.). Although not *sui juris*, counties are held accountable through their elected representatives, to wit, their commissioners. *Id.*

Plaintiff's assertion that Hamilton County is the real party interest does not warrant the denial of Defendant's motion to dismiss. The "real party in interest rule," Fed. R. Civ. P. 17(a), only applies to the joinder of plaintiffs. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 91 (2005) (rejecting application of the rule to compel joinder of a party defendant.) Moreover, the related "real party to the controversy" analysis is relevant only when diversity jurisdiction is in question; it does not apply here. *See id.*; *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462-63 & n.9 (1980).

Plaintiff, however, should be permitted to amend her complaint to re-name Hamilton County and its Commissioners as defendants.

Leave to amend a complaint must be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted). Denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996).

HCJFS asserts that amendment would be futile because the claims would be barred by the statute of limitations and would not relate back to the original complaint. Indeed, Sixth Circuit precedent holds that new parties may not be added after the statute of limitations has run. *See Cox. v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996), *cert. denied*, 519 U.S. 821 (1996). However, Hamilton County and the Commissioners are not "newly-named" parties to which the *Cox* rule applies.

Hamilton County, through its Commissioners, was named as Defendant at the outset of litigation and has had fair notice of Plaintiff's claims against it. Although Plaintiff's counsel failed to reference the County in the amended complaints which were filed on Plaintiff's behalf, that was clearly not Plaintiff's intent.

Plaintiff should be given leave of Court to amend her complaint again to properly add the Hamilton County and the Board of County Commissioners. The undersigned magistrate judge finds that this amendment will not prejudice Defendants as the county prosecutor's office would be representing both the Board of County Commissioners and HCJFS, and the party liable for damages, if any were awarded, would not change. *See Estate of Mikinah Smith v. Hamilton County Dept. of Job & Family Servs.*, No. 1:06-cv-362, 2007 WL 2572184, at *9 (S.D. Ohio Aug. 31, 2007).

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's request to amend the complaint to properly name the Hamilton County and the Board of County Commissioners as Defendants should be **GRANTED**; and Defendant's motion to dismiss the Hamilton County Department of Jobs and Family Services as a party (Doc. 77) should be **GRANTED**,

Date: 2/29/08

*Timothy S. Black*
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNEEK LOWE, | Case No. 1:05-cv-117 |
| Plaintiff, | Dlott, J. |
| vs. | Black, M.J. |
| HAMILTON COUNTY JOB & FAMILY SERVICES, *et al.*, | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).